**CARL E.G. ARNOLD, ESQ.**
Nevada Bar No. 8358
**VERNON EVANS II, ESQ.**
Nevada Bar No. 14705
**CEGA LAW GROUP**
1771 E. Flamingo Road, Ste #211B
Las Vegas, NV 89119
T (702) 358-1138
F (702) 253-6997
carl@cegalawgroup.com
*Attorney for Plaintiff*
*Stanislav Zubko*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STANISLAV ZUBKO,

        Plaintiff,

vs.

SRG NEVADA, LLC, a Delaware
Limited-Liability Company; SRGMF-IV
AMERICAN PACIFIC HENDERSON, LLC,
a Delaware Limited Liability Company; PETER
JOBSON, individually; JOSHUA MORENO,
Individually; CITY OF HENDERSON,
a political subdivision of the State of Nevada;
DANIELLE BELANGER, individually; ASHLEY.
JARQUIO-MENDOZA, individually;
JOHNNY FLEWELLEN, individually; DOES I
through X; and ROE CORPORATIONS XI
through XX, inclusive,

        Defendants.

_____/

Case No. 2:26-cv-01073-GMN-MDC

## [PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
## SUBMITTED IN COMPLIANCE WITH LR 26-1(b)

    Plaintiff, STANISLAV ZUBKO, appearing by and through his counsel of record, Carl E. G. Arnold, Esq., of CEGA LAW GROUP; Defendants CITY OF HENDERSON, DANIELLE BELANGER, ASHLEY JARQUIO-MENDOZA, and JOHNNY FLEWELLEN ("City Defendants")

1

by and through their attorney of record, Michael J. Oh Esq., of the City of Henderson City Attorney's Office, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure16 and 26, as well as LR 16-1 and 26-1.  It is hereby requested that the Court enter the following discovery plan and scheduling order:

1. **DISCOVERY PLAN:**

   a. **Discovery Cut-Off:** November 2, 2026, (180 Days from the date City Defendants appeared on May 6, 2026).

   b. **Deadline to Amend Pleadings:** August 4, 2026 (90 days prior to the close of discovery).

   c. **Deadline to Disclose Initial Expert:** September 3, 2026 (60 days prior to the close of discovery).

   d. **Deadline to Disclose Rebuttal Expert:** October5, 2026 (30 days after the Initial Disclosure of Experts).

   e. **Deadline to File Dispositive Motions**: December 2, 2026 (30 days after the close of discovery).

2. **Pre-Trial Order:**

   The Parties shall file a joint pretrial order no later than January 4, 2027, or thirty (30) days after the date set for filing dispositive motions. In the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further Order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

3. **Initial Disclosures:**

   The Parties will serve their initial disclosures on or before July 8, 2026. Any party seeking damages shall comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

4. **Extension of Discovery Deadline:**

Requests to extend the discovery shall comply fully with LR 26-3. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. The motion or stipulation shall include:

   a. A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

   b. A specific description of the discovery which remains to be completed;

   c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

   d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the Parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

5. **Electronically Stored Information ("ESI"):**

The Parties stipulate and agree that all discoverable documents will be produced in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable. Documents may be produced through secure electronic file transfer, encrypted electronic storage media (including USB flash drives or external hard drives), cloud-based file sharing, or such other mutually agreeable electronic means. While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary.

This agreement only determines the format in which the Parties produce documents; it does not affect any other right of any Party.

6. **LR 26-1(b) Certifications:**

The Parties certify that they have considered consenting to trial by magistrate judge and use of the Short Trial Program. The Parties further certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and early neutral evaluation.

7. **Electronic Service:** The Parties agree to accept electronic service of discovery requests and responses and other papers pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). For electronic service to be effective as to Plaintiff, electronic service shall be sent to Carl E.G. Arnold, Esq., at carl@cegalawgroup.com. For electronic service to be effective as to Defendant City of Henderson, Danielle Belanger, Ashley Jarquio-Mendoza, and Johnny Flewellen, electronic service shall be sent to Michael J. Oh, Esq., at Michael.oh@cityofhenderson. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that should discovery be provided in an electronic format at trial, it will be compatible with the Court's electronic jury evidence display system pursuant to LR 26-1(b)(9).

8. **Protective Orders**:

Any Party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.

9. **Statement of Reasons Why Longer or Different Time Periods Should Apply to this Case:**

The Parties proposed discovery plan is in compliance with the deadlines set forth in LR 26-1.

**IT IS SO STIPULATED.**

I certify that Artificial Intelligence was not used to prepare the foregoing document.

Dated: June 26, 2026.

| **CEGA LAW GROUP** | **CITY OF HENDERSON** |
|---|---|

*/s/ Carl E.G. Arnold, Esq.*
**CARL E.G. ARNOLD, ESQ.**
Nevada Bar No. 8358
VERNON EVANS II, ESQ.
Nevada Bar No. 14705
1771 E Flamingo Rd #211B
Las Vegas, NV 89119
carl@cegalawgroup.com
vernon@cegalawgroup.com
*Attorney for Plaintiff*

*/s/ Michael Oh, Esq.*
**MICHAEL OH, ESQ.**
Nevada Bar No.07470
240 Water Street, MSC 144
Henderson, NV 89015
Michael.Oh@cityofhenderson.com
*Attorneys for Defendants City of Henderson, Danielle Belanger, Ashley Arquio-Mendoza, and Johnny Flewellen*

## <u>SCHEDULING ORDER</u>

The above-set stipulated Discovery Plan of the Parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 7-8-26 _____